**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TANYQUA OLIVER-MATHEIS,                          Case No. 1:26-cv-465
            Plaintiff,                           McFarland, J.
                                                 Litkovitz, M.J.
    vs.

SHARON L. KENNEDY,                               **REPORT AND**
SUPREME COURT OF OHIO                            **RECOMMENDATION**
CHIEF JUSTICE, et al.,
            Defendants.


Plaintiff, a resident of Cincinnati, Ohio, has filed a civil complaint against Sharon L.

Kennedy, Supreme Court of Ohio Chief Justice, and Dennis Langer, a judge in the Butler

County Court of Common Pleas.   (Doc. 1-1 at PAGEID 4).   By separate Order, plaintiff has

been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

This matter is now before the Court for a s*ua sponte* review of the complaint to determine

whether the complaint or any portion of it should be dismissed because it is frivolous, malicious,

fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant

who is immune from such relief.   *See* 28 U.S.C. § 1915(e)(2)(B).

### Screening of Complaint

#### A.      Legal Standard

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant

whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an

economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits."   *Denton*

*v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).

To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in*

*forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.   *Id.*; *see*

*also* 28 U.S.C. § 1915(e)(2)(B)(i).   A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law.   *Neitzke,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).   An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.   *Neitzke,* 490 U.S. at 327.   An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."   *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.   The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.   *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted.   28 U.S.C. § 1915 (e)(2)(B)(ii).   A complaint filed by a pro se plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers."   *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).   By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"   *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

2

*Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556).   The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation."   *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).   Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."   *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).   A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."   *Twombly*, 550 U.S. at 555.   Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."   *Id.* at 557.   The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."   *Erickson*, 551 U.S. at 93 (citations omitted).

### B.        Plaintiff's Complaint

Plaintiff's complaint alleges that defendants Sharon L. Kennedy, Supreme Court of Ohio Chief Justice, and Dennis Langer, a judge in the Butler County Court of Common Pleas, denied her the right to file motions in criminal cases in which her husband is the defendant.   Both defendants allegedly found that plaintiff did not have standing to file motions to redact her home address from the public record in CR2025-010060 and CR2026-010051.   Defendant Kennedy "also denied the plaintiff standing to petition through an affidavit of disqualification as the plaintiff is not the alleged victim in the underlying case."   (Doc. 1-1 at PAGEID 9).   Plaintiff seeks "a declaratory decree determining if the plaintiff has standing for as long as the underlying criminal cases noted as CR2026-010051 and CR2025-010060 expose the plaintiff's residential address on public records and/or accessible by A.K. [the alleged victim in the underlying cases] as the plaintiff's crime victim right to privacy is implicated per Oh. Const. Art. 1 Sec. 10a (1, 3)."   (*Id*. at PAGEID 10).   Plaintiff also seeks an injunction "to prohibit the defendants from

3

denying the plaintiff's standing for as long as the plaintiff's residential address is made public and/or accessible by A.K. on public records as the plaintiff's crime victim right to privacy is implicated per Oh. Const. Art. 1 Sec. 10a (1, 3)." (*Id*.).

### C. Resolution

The complaint must be dismissed as this Court lacks federal jurisdiction over the matter. Plaintiff alleges "[j]urisdiction is proper per 28 U.S.C. § 2201," and she seeks "an injunction under 28 U.S.C. § 2202." (*Id*. at PAGEID 6). The Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, "does not create an independent basis for federal subject matter jurisdiction." *Heydon v. MediaOne of Se. Michigan, Inc.*, 327 F.3d 466, 470 (6th Cir. 2003) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671-72 (1950); *Aetna Life Ins. Co. v. Haworth,* 300 U.S. 227, 240 (1937) (explaining that the Declaratory Judgment Act is procedural only)). "The Act only provides courts with discretion to fashion a remedy." *Id.* (citing *Public Serv. Comm'n v. Wycoff Co.,* 344 U.S. 237, 241 (1952)). "Thus, before invoking the Act, the court must have jurisdiction already." *Id*. (citing *King v. Sloane,* 545 F.2d 7, 8 (6th Cir. 1976)). As such, plaintiff has no independent cause of action under Sections 2201 and 2202.

Even if plaintiff intended to invoke the diversity jurisdiction of the Court under 28 U.S.C. § 1332(a), the complaint reveals such jurisdiction is lacking. A district court has jurisdiction over a suit between citizens of different states when the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The complaint alleges both defendants are Ohio citizens, and plaintiff is an Ohio citizen. Thus, there is no complete diversity of citizenship between the parties. This Court lacks subject matter jurisdiction on the basis of diversity of citizenship over any state law claims plaintiff may be alleging.

Finally, even if plaintiff intended to invoke the Court's federal question jurisdiction, the complaint fails to state a claim for relief.   District courts have original federal question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.   In order to invoke the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331, plaintiff must allege facts showing the cause of action involves an issue of federal law.  *See Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 63 (1987).   The undersigned is unable to discern from the facts alleged in the complaint any federal statutory or constitutional provision that applies to give rise to an actionable claim for relief.   Rather, plaintiff alleges a violation of her privacy rights under the Ohio Constitution.   (Doc. 1-1 at PAGEID 10).   There is no federal question jurisdiction over this case.

Accordingly, the Court lacks federal subject matter jurisdiction over this case.

**IT IS THEREFORE RECOMMENDED THAT:**

1.  The complaint be **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B).

2.  The Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*. Plaintiff remains free to apply to proceed *in forma pauperis* in the Court of Appeals. *See Callihan v. Schneider*, 178 F.3d 800, 803 (6th Cir. 1999), overruling in part *Floyd v. United States Postal Serv.,* 105 F.3d 274, 277 (6th Cir. 1997).

Date:  5/12/2026

Karen L. Litkovitz
United States Magistrate Judge

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

TANYQUA OLIVER-MATHEIS,
    Plaintiff,

    vs.

SHARON L. KENNEDY,
SUPREME COURT OF OHIO
CHIEF JUSTICE, et al.,
    Defendants.

Case No. 1:26-cv-465

McFarland, J.

Litkovitz, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.    This period may be extended further by the Court on timely motion for an extension.   Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.   If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.   A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.   Failure to make objections in accordance with this procedure may forfeit rights on appeal.   *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

6