**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| TANYQUA OLIVER-MATHEIS, | Case No. 1:26-CV-465 |
| Plaintiff, | Judge Michael R. Barrett |
| v. | |
| SHARON L. KENNEDY, et al., | **ORDER** |
| Defendants. | |

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") of May 12, 2026. (Doc. 6). Pursuant to 28 U.S.C. § 636(b)(1)(C), proper notice has been afforded to the parties that they could forfeit rights on appeal if they failed to file proper objections to the R&R in a timely manner. *See Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019) (holding that a failure to file objections generally waives the right to appeal the district court's adoption of an R&R). Plaintiff Tanyqua Oliver-Matheis timely objects, (Doc. 8), but the Court will overrule her objection and adopt the R&R in full for the following reasons.

As summarized by the Magistrate Judge:

> Plaintiff's complaint alleges that defendants Sharon L. Kennedy, Supreme Court of Ohio Chief Justice, and Dennis Langer, a judge in the Butler County Court of Common Pleas, denied her the right to file motions in criminal cases in which her husband is the defendant. Both defendants

1

> allegedly found that plaintiff did not have standing to file motions to redact her home address from the public record in CR2025-010060 and CR2026-010051. Defendant Kennedy "also denied the plaintiff standing to petition through an affidavit of disqualification as the plaintiff is not the alleged victim in the underlying case." Plaintiff seeks "a declaratory decree determining if the plaintiff has standing for as long as the underlying criminal cases noted as CR2026-010051 and CR2025-010060 expose the plaintiff's residential address on public records and/or accessible by A.K. [the alleged victim in the underlying cases] as the plaintiff's crime victim right to privacy is implicated per Oh. Const. Art. 1 Sec. 10a (1, 3)." Plaintiff also seeks an injunction "to prohibit the defendants from denying the plaintiff's standing for as long as the plaintiff's residential address is made public and/or accessible by A.K. on public records as the plaintiff's crime victim right to privacy is implicated per Oh. Const. Art. 1 Sec. 10a (1, 3)."

(Doc. 6, PageID 31-32) (internal citations omitted).

Because the Declaratory Judgment Act does not create an independent basis for federal subject matter jurisdiction and there exists no basis for diversity jurisdiction or federal question jurisdiction here, the Magistrate Judge recommended that the suit be dismissed with prejudice. (*Id.*, PageID 33). Oliver-Matheis filed a single-page document in response, arguing that the Court "does retain original subject matter jurisdiction," because finding otherwise would render her unable to exercise her right to petition under the First Amendment. (Doc. 8).

Magistrate Judges are authorized to decide both dispositive and non-dispositive matters pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. When objections are made to a Magistrate Judge's R&R on a dispositive matter,

the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). Upon review, the Court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1).

But "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001); *see also Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006) ("Overly general objections do not satisfy the objection requirement."). And the Court "need not provide de novo review where the objections are 'frivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637-38 (6th Cir. 1986) (per curiam) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)).

As the Court noted, Oliver-Matheis filed a single-page document generally objecting to the Magistrate Judge's conclusion. To the extent that her filing can be considered an objection, it is overruled. Oliver-Matheis fails to offer legal support for her argument or meaningfully address the Magistrate Judge's recommendation. As a result, she has failed to preserve de novo review.

For the foregoing reason, the objection, (Doc. 8), is **OVERRULED**, and the recommendation of the Magistrate Judge, (Doc. 6), is **ADOPTED in full**. This matter is **DISMISSED** with prejudice. Further, the Court **CERTIFIES** pursuant to 28

3

U.S.C. § 1915(a) that an appeal of this order would not be taken in good faith, and therefore **DENIES** leave to appeal in forma pauperis. *See* Fed. R. App. P. 24(a)

    **IT IS SO ORDERED.**

               */s/ Michael R. Barrett*
               Michael R. Barrett
               United States District Judge